IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK D'WAYNE SUMRELL**                                                        **PETITIONER**

**V.**                                  **NO. 4:22-CV-73-DMB-JMV**

**STATE OF MISSISSIPPI**                                                       **RESPONDENT**

## ORDER

On or about May 3, 2022, Mark D'Wayne Sumrell filed in the United States District Court for the Northern District of Mississippi a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Sumrell's petition challenges his 2004 shoplifting conviction in the Circuit Court of Washington County, Mississippi, and his sentence as a habitual offender to life imprisonment without parole. *Id.* at 1.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Sumrell has filed at least one unsuccessful § 2254 petition challenging the same conviction he challenges here. *See Sumrell v. State of Mississippi*, No. 4:08-cv-68, at Docs. #18, #19 (N.D.

Miss. May 8, 2009). And the Fifth Circuit has denied at least one motion by him seeking leave to file a successive § 2254 petition regarding the same conviction. *See Sumrell v. State of Mississippi*, No. 4:12-cv-123, at Doc. #6 (N.D. Miss. Feb. 28, 2013) (denying motion for leave and cautioning Sumrell that "any future frivolous or repetitive filings will subject him to sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in [the Fifth Circuit] or any court subject to [its] jurisdiction"). Accordingly, Sumrell's current petition is a successive petition he has not obtained authorization to file. Therefore, in the interest of justice and judicial economy:

1. The Clerk of Court shall **TRANSFER** this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(C), and 28 U.S.C. § 1631; and

2. This case is **CLOSED**.

**SO ORDERED**, this 8th day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**